F I L E D
**United States Court of Appeals**
**Tenth Circuit**

**JUN 11 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GEORGE M. MEREDITH,

Defendant-Appellant.

No. 99-3079
(D.C. No. 99-CV-1027)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, the panel has determined oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). Therefore, the case is ordered submitted without oral argument.

Defendant George M. Meredith appeals from the district court's order enforcing an Internal Revenue Service (IRS) summons and quashing multiple

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

subpoenas issued by Meredith. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

## I.

In May 1998, IRS Revenue Officer Larry Inman issued an administrative summons to Meredith pursuant to 26 U.S.C. § 7602(a), directing that Meredith give testimony and produce for examination various income-related documents. Meredith refused to turn over any of the requested materials. The government responded by filing a petition in federal court seeking judicial enforcement of the summons under 26 U.S.C. §§ 7402(b) and 7604. Attached to the government's petition was a declaration from Inman stating (1) he was investigating Meredith's tax liability and all information sought was critical to that investigation; (2) the requested materials were not in the possession of the IRS; (3) all administrative prerequisites to the issuance of the summons had been satisfied; and (4) no criminal referral had been made to the Department of Justice.

The district court referred the case to a magistrate judge to conduct a "show cause" hearing and issue a report and recommendation. Shortly before the hearing, Meredith, who has proceeded pro se at all times, attempted to serve subpoenas on several IRS employees, a Kansas assistant attorney general, Kansas Governor Bill Graves, and a private citizen allegedly involved in a conspiracy with the IRS. Each of these individuals filed a motion to quash the subpoena and

did not appear at the hearing.  At the hearing and in written filings with the court, Meredith argued the IRS summons should not be enforced because the IRS refused to provide him a copy of the IRS Chief Inspector's report regarding a prior tax dispute he had with the agency, and the IRS actions were in retaliation for his newspaper editorials on corporate hog farming and tobacco litigation.

In two separate orders, the magistrate recommended quashing the subpoenas Meredith purported to issue and enforcing the IRS summons.  The magistrate found there was no relationship between Meredith's earlier tax dispute and the administrative summons issued in the instant action.  The magistrate further determined no evidence existed suggesting the IRS issued an administrative summons to Meredith as a result of his vocal opposition to large-scale corporate hog farming in Kansas and Kansas' entry into the national tobacco litigation.  Meredith filed objections to the magistrate's report, but the district court adopted the magistrate's recommendations.

II.

**Subpoenas**

Meredith first argues the district court improperly quashed the subpoenas he attempted to issue.  We disagree.  As the court correctly held, Fed. R. Civ. P. 45(a)(2) and (3) state that a subpoena may be issued only by the court, the clerk of the court, or an attorney as an officer of the court.  A pro se litigant who is not

a licensed attorney with the appropriate federal district court has no power to issue subpoenas. Accordingly, the subpoenas completed by Meredith were invalid. [1]

## Summons

To obtain enforcement of an administrative summons, the IRS must establish that (1) the investigation will be conducted for a legitimate purpose; (2) the inquiry is relevant to that purpose; (3) the material sought is not already within the government's possession; (4) the administrative steps required by the Internal Revenue Code and applicable regulations have been followed; and (5) no criminal referral regarding the taxpayer's case has been made to the Department of Justice. United States v. LaSalle Nat'l Bank, 437 U.S. 298, 318 (1978); United States v. Powell, 379 U.S. 48, 57-58 (1964). The government's burden is slight; an affidavit from the IRS agent issuing the summons is generally sufficient to meet that burden. United States v. Balanced Fin. Management, Inc., 769 F.2d 1440, 1443 (10th Cir. 1985).

The affidavit of IRS Revenue Officer Inman satisfied the criteria identified in LaSalle and Powell. The burden, therefore, which is a heavy one, is on Meredith to show that "enforcement [of the summons] would constitute an abuse

---

[1] Although the court articulated a number of additional reasons to support its decision to quash the subpoenas Meredith purported to issue, we need not extend our response to this issue by addressing this additional support.

of the court's process."   Balanced Fin. Management  , 769 F.2d at 1444 (quotation omitted).  Like the district court, we find no competent evidence in the record suggesting a nexus between the IRS administrative summons at issue here and Meredith's earlier tax dispute or his editorials on corporate hog farming and tobacco litigation.  Moreover, his accusations of a broad conspiracy among various government officials and corporate officers are not supported by any evidence in the record.  The district court acted properly in concluding enforcement of the IRS summons would not amount to an abuse of the court's process.

The judgment of the district court is AFFIRMED.  Meredith's motion to supplement the record with miscellaneous exhibits is GRANTED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge